# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 95-30335
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELTON MARTIN, JR.,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
(94-121)

February 5, 1996

Before POLITZ, Chief Judge, GARWOOD and STEWART, Circuit Judges.

POLITZ, Chief Judge:[*]

Convicted by a jury of two counts of distributing cocaine base and two counts of distributing crack cocaine within 1000 feet of a school, Felton Martin, Jr. was sentenced to four concurrent 327-month terms of incarceration, followed by a ten-year term of supervised release, and a $200 statutory assessment. He appeals, contending that he was entrapped and that the trial court erred in declining to charge the jury on entrapment and by failing to apply the rule of lenity at sentencing.

The four counts of the indictment separately charge Martin with distribution of cocaine base on February 2 and 7, 1994, and with distribution of cocaine base within 1000

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

feet of a public elementary school on February 23, 1994 and April 7, 1994. Martin contends that the government agent initially chose and insisted that the transactions take place at a certain convenience store which was within the proscribed proximity of the school. Thus, he claims, he was entrapped.

The evidence supports the guilty verdict on each of the four counts. As to the location element on the two proximity counts, the agent testified that Martin selected the location, telling the agent to meet him on "the corner of Central Avenue and Jeff Highway," and asked whether the agent wanted to meet in the parking lot of a convenience store at the intersection or down the street by some apartments. The agent chose the convenience store parking area. The February 23 transaction occurred there and a tape-recording made at that time was introduced in evidence. Martin advised that he knew the manager of the convenience store and that drugs could be left there, if necessary. He also relevantly informed the agent, "I like this area." On April 7 there were three telephone conversations concerning a meeting at the convenience store and they met there for the transaction. At that time Martin suggested that they go to the nearby apartment complex and they did so. The agent then left, purportedly to get the money for the deal but returned and said his partner did not want the matter to be conducted at the apartments and they ultimately returned to the convenience store, which Martin described as "cool," to consummate the transaction. Martin was arrested.

The evidence establishes that the locations for the first two trades were selected by the agent and that the location for the second pair of transactions was selected by Martin. The latter location was within 1000 feet of the Jefferson Elementary Public School.

The evidence does not support the claim of entrapment, which requires proof of both government inducement and the defendant's lack of disposition to commit the offense. A

defendant's willing participation equates to the requisite predisposition.[1] The government is not required to prove predisposition unless the defendant initially makes "a *prima facie* showing of entrapment by presenting some evidence that actions taken by the government created a substantial risk that an offense would be committed by a person not ready to commit it."[2] It is only then that the government is required to prove beyond a reasonable doubt that the defendant was disposed to commit the criminal act before being approached by government agents, and only then is the defendant entitled to a charge of entrapment; a simple request for same does not suffice.[3] Reviewing under the abuse of discretion standard,[4] we will reverse only if the defendant was denied a fair opportunity to present his case to the jury.[5]

Martin has not made the *prima facie* showing that the agent's conduct created a substantial risk that he would commit an offense that he was not ready to commit. To the contrary, the evidence reflects that he was an eager and active participant. The evidence does not oblige the district court to give the requested, but denied, entrapment instruction.

Finally, Martin urges that the district court should have applied the rule of lenity to his sentencing, contending that the sentencing guidelines in relation to crack cocaine are "unconstitutionally vague." Our current controlling precedents are directly contrary to this

---

[1]**United States v. Mora**, 994 F.2d 1129 (5th Cir.), cert. denied, 114 S.Ct. 417 (1993).

[2]**Id.** at 1137.

[3]**United States v. Menesses**, 962 F.2d 420 (5th Cir. 1992).

[4]**United States v. Aggarwal**, 17 F.3d 737 (5th Cir. 1994).

[5]**United States v. Hudson**, 982 F.2d 160 (5th Cir.), cert. denied, 114 S.Ct. 100 (1993).

contention and it must be rejected.[6]

The convictions and sentences are AFFIRMED.

---

[6]**United States v. Galloway**, 951 F.2d 64 (5th Cir. 1992); **United States v. Thomas**, 932 F.2d 1085 (5th Cir. 1991), cert. denied, 502 U.S. 1038 (1992); **United States v. Watson**, 953 F.2d 895 (5th Cir.), cert. denied, 112 S.Ct. 1989 (1992); **United States v. Lampkin**, No. 95-30131 (5th Cir. Aug. 25, 1995) (unpublished).